# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JUAN RODRIGUEZ,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. CATES, et al.,<br><br>        Defendants. | ) 1:12cv00979 DLB PC<br>)<br>) ORDER TO SHOW CAUSE WHY<br>) ACTION SHOULD NOT BE<br>) DISMISSED, WITHOUT PREJUDICE, FOR<br>) FAILURE TO EXHAUST<br>) ADMINISTRATIVE REMEDIES<br>)<br>) **REPONSE DUE IN THIRTY DAYS**<br>) |

Plaintiff Juan Rodriguez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 18, 2012.[1] He alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment. However, in his complaint, Plaintiff indicates that his claims are not exhausted. Plaintiff explains that he was transferred from Wasco State Prison, where the actions complained of occurred, before he could start the appeals process. Plaintiff states that he started the appeals process after he was transferred to the Substance Abuse Treatment Facility in June 2011. He provides no further facts relating to exhaustion of his administrative remedies.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 16, 2012.

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532 (2002).

Based on Plaintiff's concession and his failure to provide further facts, it appears that the claims in Plaintiff's complaint are unexhausted.  As explained above, because Plaintiff's claims are based on allegedly unconstitutional prison conditions, he was required to file an inmate appeal grieving the facts at issue in this action and exhaust that appeal prior to filing suit.  <u>Jones</u>, 549 U.S. at 211; <u>Porter</u>, 435 U.S. at 524.

It is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, and therefore, Plaintiff is ORDERED TO SHOW CAUSE, if any he has, why this action should not be dismissed, without prejudice, for failure to comply with 42 U.S.C. § 1997e(a).  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal. . . .").  Plaintiff is ORDERED to file a response to this order to show cause **within thirty (30) days**.  In his response, Plaintiff should include additional facts relating to his efforts to exhaust.  If Plaintiff has fully exhausted, he should so state.

**The failure to comply with this order will result in dismissal of this action.**

IT IS SO ORDERED.

Dated:   **March 15, 2013**                              /s/ *Dennis L. Beck*
                                                                          UNITED STATES MAGISTRATE JUDGE