# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN RODRIGUEZ,<br><br>              Plaintiff,<br><br>   vs.<br><br>M. CATES, et al.,<br><br>             Defendants. | )  1:12cv00979 DLB PC<br>)<br>)  ORDER DISMISSING ACTION,<br>)  WITHOUT PREJUDICE, FOR<br>)  FAILURE TO EXHAUST<br>)  ADMINISTRATIVE REMEMDIES<br>)<br>)<br>)<br>) |

     Plaintiff Juan Rodriguez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action on June 18, 2012.[1] He alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment.

     On March 18, 2013, the Court issued an order to show cause why this action should not be dismissed for failure to exhaust administrative remedies. The Court explained that Plaintiff admitted that he did not exhaust, but did not explain why. The Court therefore gave Plaintiff an opportunity to state facts relating to his attempts to exhaust , and Plaintiff was ordered to file a response within thirty days. Over thirty days have passed and Plaintiff has failed to comply with the order. The order to show cause clearly stated that failure to comply would result in dismissal.

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate Judge on July 16, 2012.

1

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Based on Plaintiff's concession and his failure to provide further facts, it appears that the claims in Plaintiff's complaint are unexhausted. It is clear from the face of Plaintiff's complaint that he filed suit prior to exhausting, and therefore, this action is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal.").

IT IS SO ORDERED.

Dated:   **May 3, 2013**                             /s/ *Dennis L. Beck*
                                                      UNITED STATES MAGISTRATE JUDGE